# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DUANE LETROY BERRY,

        Petitioner,

v.                              Case No. 18-10586
                                    Hon Terrence G. Berg
SCOTT STEPHENSON,          Hon. David R. Grand

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Pro se prisoner Duane Letroy Berry has petitioned the Court for a writ of habeas corpus. (Dkt. 1) The petition challenges respondent Scott Stephenson's authority to hold Berry in state custody. The petition must be dismissed because Berry has failed to exhaust state remedies for his claim and because federal abstention is appropriate.

## I. BACKGROUND

A litigation search of Berry's federal cases reveals that, in 2015, Berry was indicted in this District on charges of perpetrating false information and hoaxes in violation of 18 U.S.C. § 1038. *See United*

*States v. Berry*, No. 2:15-cr-20743 (E.D. Mich. Nov. 17, 2016). In that case,

> the district court determined Berry to be incompetent to stand trial based on a finding that he suffered from delusional disorder. The court ordered Berry hospitalized while Bureau of Prison ("BOP") officials determined whether he could gain the competency necessary to allow trial proceedings to go forward. After the BOP submitted a report indicating that Berry might benefit from antipsychotic medication, the court ordered the parties to address whether Berry could be forced to take medications against his will under the framework outlined by *Sell v. United States*, 539 U.S. 166 (2003). After considering the matter, the court ordered that Berry be forced to take medication under the *Sell* framework.

*Berry v. Michigan, et al.*, No. 17-2202 (6th Cir. Mar. 16, 2018).

Berry was sent to the Federal Transfer Center in Oklahoma City, Oklahoma where he filed a pretrial habeas corpus petition challenging his commitment. While his petition was pending in the United States District Court for the Western District of Oklahoma, the United States Marshal removed Berry from the Federal Transfer Center and took him to the Midland County Jail in Michigan. A magistrate judge in the Western District of Oklahoma then recommended to United States District Judge David L. Russell that Berry's habeas petition be dismissed as moot because Berry was no longer detained in Oklahoma and had been

relocated to the Midland County Jail in Michigan. *See Berry v. Fox*, No. CIV-17-202-R, 2017 WL 3203706 (W.D. Okla., June 30, 2017). Judge Russell adopted the magistrate judge's report and recommendation and dismissed Berry's case without prejudice. *See Berry v. Fox*, No. CIV-17-202-R, 2017 WL 3197239 (W.D. Okla. July 27, 2017). Berry subsequently filed an untimely objection to the magistrate judge's report and recommendation. He maintained that the Western District of Oklahoma could provide him with relief because he remained in the custody of the United States Marshal. On August 2, 2017, Judge Russell rejected Berry's claim, stating:

> as is evident from his Notice of Change of Address and his objection, Mr. Berry is currently in the custody of the State. *See* Doc. No. 23 ("Petitioner is still in the custody of the U.S. Marshal pursuant to 18 U.S.C. § 4241(d), and was unlawfully removed from the jurisdiction by a Habeas Corpus from an inferior state court in Michigan, in violation of Michigan Compiled Law (MCL) 600.4310." Doc. No. 23, p. 1. As such, it appears that Petitioner is being detained by a state official, and that custodian is a necessary respondent in this action. The Court has no basis for exercising jurisdiction over Petitioner's current state custodian, and accordingly, the Court declines to reconsider its July 27, 2017 Order and Judgment. Petitioner may seek relief in federal court in Michigan, however, he cannot prevail on his claims in this District.

Pet. for Writ of Habeas Corpus, Ex. A (Dkt. 1, Page ID 8-9). The Tenth Circuit Court of Appeals affirmed Judge Russell's decision. *See Berry v. Fox*, 704 F. App'x 789 (10th Cir. 2017).

Meanwhile, Berry was charged in Wayne County, Michigan with malicious destruction of a building. *See People v. Berry*, No. 17-005237-01-FH (Wayne Cty. Cir. Ct., Apr. 28, 2017). While he was being held as a pretrial detainee on the Wayne County charge, he filed a petition for the writ of habeas corpus in this District. He argued that the State of Michigan had no authority or power to remove him from federal custody. On September 1, 2017, United States District Judge Nancy G. Edmunds summarily dismissed the petition on the basis that federal court abstention was appropriate because Berry was challenging a pending criminal matter in state court. *See Berry v. Michigan, et al.,* No. 2:17-cv-12738 (E.D. Mich. Sept. 1, 2017). The United States Court of Appeals for the Sixth Circuit affirmed Judge Edmunds' decision on grounds that Berry had not exhausted state remedies for his claim and that abstention from interference in the Michigan state-court proceeding was proper. *See Berry v. Michigan,* No. 17-2202 (6th Cir. Mar. 16, 2018).

Berry filed a subsequent habeas petition, raising the same issue about the State's authority to remove him from federal custody and his continued confinement in state custody. United States District Judge Victoria A. Roberts summarily dismissed the petition on grounds that Berry had failed to exhaust state remedies for his claim, his challenge to an ongoing state criminal proceeding was premature, and abstention was appropriate. *See Berry v. Stephenson*, No. 2:18-cv-10451 (E.D. Mich. Apr. 6, 2018).

Berry filed his habeas petition in this case on February 20, 2018. He argues that respondent Scott Stephenson holds him in unlawful custody at the Midland County Jail in violation of federal district court orders and his Fifth Amendment right to due process.

## II. ANALYSIS

Berry commenced this case while his previous petition was still pending before Judge Roberts, and he is making a similar challenge to the State's authority to hold him in custody. A subsequent habeas "petition filed while the petitioner's initial petition is still pending should be construed as a motion to amend the initial petition under Federal Rule

of Civil Procedure 15." *In re: Jermain Stevenson*, __ F.3d __, No. 18-1037, 2018 WL 2071687, at *1 (6th Cir. May 4, 2018). Rule 15 authorizes a party to amend a pleading "once as a matter of course within 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A).

Petitioner filed his petition in this case within twenty-one days of filing his petition in Judge Roberts' case. Nevertheless, the petition must be dismissed for the reasons given by the Sixth Circuit in its order affirming Judge Edmunds' dismissal of Berry's petition in case number 2:17-cv-12738. First, Berry has failed to show that he exhausted state remedies for his claim, as required by 28 U.S.C. § 2254(b)(1).

> Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).

Second, "federal courts should abstain from considering pretrial habeas corpus petitions 'if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state

procedures available to the petitioner.'" *Berry*, No. 17-2202, p. 2 (quoting *Atkins*, 644 F.2d at 546). Simply stated, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). Abstention under the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), "derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017).

> Even if abstention is warranted, however, a plaintiff still has the opportunity to show that an exception to *Younger* applies. These exceptions include bad faith, harassment, or flagrant unconstitutionality of the statute or rule at issue.

*Id.* at 371 (citing *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996)).

Berry has not alleged any bad faith, harassment, or flagrant unconstitutionality of a statute or rule. He does allege that he is being detained in Midland County, which has no holds or detainers against him, and that Respondent has not allowed him the right to seek redress in Wayne County, which is the proper county of detention. Pet. for Writ of Habeas Corpus, ¶¶ 10-11. The docket for his Wayne County case,

however, indicates that the case is progressing in state court. *See People v. Berry*, No. 17-005237-01-FH (Wayne Cty. Cir. Ct.). Berry will continue to have the ability to raise his constitutional claims in that court and on appeal if he is convicted.

The progress of Berry's case in state court favors abstention, and the exceptions to the abstention doctrine do not apply here. The Court, therefore, will dismiss the petition.

### III. CERTIFICATE OF APPEALABILITY

When a federal district court issues an adverse ruling on a habeas petition, the court "must issue or deny a certificate of appealability." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right. Accordingly, Petitioner is denied a certificate of appealability. The Court similarly denies leave to appeal *in forma pauperis*, because an appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp.2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that the petition for writ of habeas corpus (Dkt. 1) is summarily dismissed without prejudice

pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

It is further **ORDERED** that a certificate of appealability is **DENIED**, and Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED**.

Dated: May 31, 2018
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on May 31, 2018.

s/A. Chubb
Case Manager